## Danforth v. Clary.

1. *Estoppel—Liability of Property to be Sold on Execution.*—C. sold to D. a quantity of corn, and agreed to deliver it at a place named. Before the delivery, and while it was in C.'s possession, it was levied upon by one of his creditors and allowed to be sold. After the title had thus passed out of C., he wrongfully delivered the corn to D., and the purchasers at the sale replevied it from him. C. had notice of the replevin suit, and had an opportunity to defend it, but he failed to do so. *It was held* that he was estopped to deny that the corn, while under his control, was liable to execution on a judgment against him.

2. *Warranty—Title Between Vendor and Vendee—Execution Creditors.*—If a person sells a quantity of corn to be delivered when required to do so, and while the corn is in his possession, although the title may have passed, as between vendor and vendee, to the purchaser, if the vendor allows the title to pass from him by a sale under an execution against him, his warranty fails, and he can not recover for the price of the corn.

**Memorandum.**—Action of assumpsit. Appeal from the Circuit Court of Iroquois County: the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, A. D. 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, J. W. DOUGHERTY AND MORRIS & HOOPER, ATTORNEYS.

Title to personal property does not pass to the purchaser until the purchase is completed, and nothing remains to be done under the agreement. Frost v. Woodruff, 54 Ill. 157; Schneider v. Westerman, 25 Ill. 514; Callaghan v. Myers, 89 Ill. 570.

C. H. PAYSON, attorney for appellee.

OPINION OF THE COURT, LACEY, J.

This was an action in assumpsit, brought by appellee against appellant, returnable to the November term, 1890, of the Circuit Court of Iroquois County, to recover the sum of $800, which appellee claims due him from appellant for 2,000 bushels of corn, bargained and sold to appellant on the 16th day of December, 1885.

The case was tried at the October term, 1890, and a verdict was then returned in favor of appellee and judgment rendered upon the verdict and from which judgment an appeal was taken to this court and the judgment of the court below reversed and the cause remanded.

The opinion of the court will be found reported in 41 Ill. App. 655, to which we refer for a full statement of facts.

Since then a new trial has been had in the Circuit Court, and verdict and judgment in favor of appellees for $500, from which last judgment this appeal is taken.

The suit was, as above stated, based on a sale of corn by appellee to appellant, and the defense was that the title failed by reason of appellee's creditors levying on the corn, and that it was sold while it was still in his possession, and that afterward the corn was wrongfully delivered by appellee to appellant, after the title had passed out of appellee; that the purchaser replevied it from appellant and after trial of the rights of property, held it.

The evidence in the present record, in all its essential features, is the same as when the case was in this court on former appeal, and what we said in the opinion rendered on the former hearing, we approve here. We said in that opinion, that we were satisfied from the evidence " the bill of sale was intended as a security and that appellee was to be credited with the proceeds of the corn when fully paid."

If the bill of sale was intended as absolute, and the corn was delivered to appellant, as contended for by appellee, the action of appellee in allowing his boys to haul away 300 to 400 bushels of the corn was little, if any, short of larceny, which we would be unwilling to impute to appellee. The judgment is for $500, too much by $100, on the appellee's own theory. According to appellee's evidence he delivered to appellant what he set down at 1,000 bushels of corn, which at forty cents per bushel would only amount to $400, unless appellee be allowed for what was taken. by himself and family from the cribs and delivered and sold to other parties.

It seems to us that appellee's claim is a most inequitable one. He claims to have sold and delivered his corn to appellant for forty cents per bushel. While the delivery of it is incomplete, at least as to judgment creditors and parties without notice, it is levied on for his own debts and sold to pay off an execution against him, and his debts are also satisfied to the amount of the execution, about $235.06. Now he seeks to recover in addition the full price of the corn at nearly double what it was worth when the pretended sale took place.

Admitting that the sale was absolute, and as between the appellee and appellant the title passed, yet the corn remained in the absolute possession of appellee, so that it was liable to be seized on executions against him, and the property, as to his creditors, treated as absolutely his, even against the claim of the appellant. Appellee was a witness in the replevin suit of Sheldon and McDill, and the plaintiff's title was sustained, which they derived through appellee himself by virtue of the execution sale against him. Appellee, according to his

own claim, had agreed to warrant the title to the corn. He had an opportunity by notice to defend the replevin suit and if there was any defense to it to show it, but he did nothing of the kind, and appellant was defeated and lost the corn. Appellee is therefore estopped to deny that the property, while in his crib and under his control, was liable to execution on judgments against him. This point must then be settled, that if a sale of the corn was contemplated and a delivery attempted, it was not complete as against execution creditors of appellee. It was not the appellant's fault that executions against appellee seized and took the property. The appellee was in fault in allowing such a thing to be done. Admitting the title as to appellee had passed to appellant by the sale, it had not done so as against him and his execution creditors. His warranty should then be held to cover, not only any defect in the title at the time, but everything that might impair it on account of appellee's fault before delivery at Ashkum as he agreed.

Further, appellee was grossly negligent in not posting the notices on the cribs that he promised to do, that the corn was the property of appellant. When the case was here before we said: "Appellee had agreed to deliver the corn at Ashkum when required so to do. He made no delivery of the corn except what he hauled to Larson's, and that had been sold for his debt and it was no longer in his power to make an effectual delivery."

We adhere to this opinion and hold, that if appellee, while the corn was in his possession, although the title may have passed as between himself and appellant, allowed the title to pass from him by sale under executions against him, that his warranty failed and he can not recover for the price of the corn. The judgment of the court below is therefore reversed.